# EXHIBIT A

# EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Mar-20-2015 3:08 pm

---

Case Number: CGC-15-544845

Filing Date: Mar-20-2015 3:01

Filed by: MARYANN E. MORAN

Juke Box: 001    Image: 04839419

COMPLAINT

---

JIBOKU AYOKUNLE VS. CRUISES, LLC ALCATRAZ ET AL

001C04839419

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Walter Riley, SBN 95919
1440 Broadway, Suite 612A
Oakland, CA 94612
TELEPHONE NO.: (510) 451-1422     FAX NO.: (510) 451-0406
ATTORNEY FOR *(Name):* Jiboku Ayokunle

**FOR COURT USE ONLY**

**F I L E D**
Superior Court of California
County of San Francisco

MAR 20 2016

CLERK OF THE COURT
BY: _____
MARY ANN MORAN     Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA
BRANCH NAME:

CASE NAME:
Jiboku Ayokunle vs Alcatraz Cruises, LLC, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-15-544845 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 20, 2015

Walter Riley
*(TYPE OR PRINT NAME)*     *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Walter Riley, SBN 95919
1440 Broadway, Suite 612A
Oakland, CA 94612
Tel. (510) 451-1422
Fax: (510) 451-0406
walterriley@rrrandw.com
Attorney for Plaintiff

**F I L E D**
Superior Court of California
County of San Francisco

MAR 20 2015

CLERK OF THE COURT

BY: _____
Deputy Clerk

MARY ANN MORAN

## IN THE SUPERIOR COURT
## OF CALIFORNIA, SAN FRANCISCO

JIBOKU AYOKUNLE;

       Plaintiff,

VS

ALCATRAZ CRUISES, LLC; SCOTT THORNTON;

DOUGLAS LINARES; ANNE LEVINE;

ASTRID JOHANNESSEN; DOES 1 THROUGH 20.

CASE NO: **CGC-15-544845**

**COMPLAINT FOR DAMAGES**
**EMPLOYMENT/CIVIL RIGHTS**

*JURY* **TRIAL DEMANDED**

_____ /

    Plaintiff, Jiboku Ayokunle, by and through his undersigned counsel, Walter Riley, hereby complains against the Defendants, the Alcatraz Cruises LLC., Scott Thornton, Douglas Linares, Anne Levine and Astrid Johannessen as follows:

### STATEMENT OF CLAIM

1.    This is an action to vindicate violations of Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of Defendants. This action arises out of the illegal racial discrimination, national origin discrimination, retaliation, hostile environment and constructive discharge of Mr. Jiboku Ayokunle. Mr. Jiboku Ayokunle alleges, inter alia, that he was constructively terminated

from his employment based, in whole or in part, upon his race, national origin and whistleblower status in violation of California Law and Federal Law.

2.      Beginning on or about March 27, 2009, Mr. Jiboku Ayokunle, a Black American male, born in the United States to African immigrant parents, was hired as a Guest Services Agent/Security by Defendant Alcatraz Cruises LLC in San Francisco, California.  He worked at the San Francisco site.  During his years with Defendant, Mr. Jiboku Ayokunle performed his duties in a professional and outstanding manner from March of 2009 to the date of his constructive discharge on October 24, 2013.  Between March 2009 and October 2013 Mr. Ayokunle was subjected to racial discrimination and raciest verbal abuse, national origin abuse, denied promotion by defendants because of his race and national origin, retaliated against by defendants for filing complaints and exposing the abuse to management, a hostile environment resulting in economic damages and psyche injury.

**VENUE**

3.      The actions giving rise to this lawsuit occurred in the City and County of San Francisco, California.

5.      This is, in part, an action authorized and instituted pursuant to: State of California Gov. Code sections 12940 et sec, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A; 42 U.S.C. Section 1988.

6.      Venue is proper in the County of San Francisco wherein Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred.

**PARTIES**

7.      At all relevant times, plaintiff Jiboku Ayokunle was a resident of San Francisco, California

8.      At all relevant times defendant Alcatraz Cruises LLC, was operating at 55 Francisco Street, San Francisco, California 94133.

9.      At all relevant times defendant Douglas Linares was employed by defendant Alcatraz Cruises LLC as Supervisor and worked at the San Francisco, California site.

10.     At all relevant times, Defendant Scott Thornton was employed by Defendant Alcatraz Cruises LLC. as a supervisor and worked at the San Francisco site.

11.     At all relevant times, Defendant Astrid Johannessen  was employed by Defendant Alcatraz Cruise

Ayokunle Complaint

1    LLC as a supervisor and worked at the San Francisco site.

2    12.    At all relevant times, defendant Anne Levine was employed by Defendant Alcatraz Cruises, as

3    Human Resources Director and worked at the San Francisco site.

4    13.    The true names and capacities of the defendants named Does 1 through 20, inclusive, whether

5    individual, corporate, associate, or otherwise are unknown to plaintiff, who therefore sues such defendants

6    by fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes that each

7    of the fictitiously named defendants is responsible in the manner set forth in this complaint, or in some

8    manner for the occurrences alleged in this complaint, and that the damages as alleged in this complaint

9    were proximately caused by their conduct. Plaintiff is informed and believes that each of the fictitiously

10    named defendants is a California resident or entity subject to California jurisdiction. Plaintiff will amend

11    this complaint to show the true names and capacities of the fictitiously named defendants when such

12    capacities have been determined.

13    **ADMINISTRATIVE PREREQUISITES**

14    14.    Mr. Jiboku Ayokunle has complied with all the administrative prerequisites to action under

15    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

16    a.    On or about April 24, 2014 Mr. Jiboku Ayokunle timely filed a formal charge of discrimination

17    with the State of California Department of Fair Employment & Housing [hereinafter referred to

18    as DFEH ] which was jointly filed with the Equal Employment Opportunity Commission

19    [hereinafter referred to as EEOC ];

20    b.    Mr. Jiboku Ayokunle promptly and diligently accommodated all DFEH and EEOC requests for

21    information and fully cooperated in the agencies' investigation of this matter;

22    c.    Mr. Jiboku Ayokunle has exhausted all available administrative remedies in accord with the

23    aforementioned statutes prior to instituting this Civil Action. Mr. Jiboku Ayokunle received a Notice

24    of Right to Sue from the DFEH

25    **FACTUAL ALLEGATIONS**

26    15.    Plaintiff, Jiboku Ayokunle, started employment with Defendant Alcatraz Cruises, LLC on or

27    about March 27, 2009.

28    16.    At all relevant times, Defendant Alcatraz Cruises, LLC employed in excess of 500 employees.

Ayokunle Complaint

17.     At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Mr. Jiboku Ayokunle's employment were governed and controlled by Defendant Alcatraz Cruises, LLC.

18.     Upon information and belief and at all relevant times, Defendants Scott Thornton, Douglas Linares, Astrid Johannessen and Anne Levine were acting as managers or supervisors or, agents, servants And/or employees of Defendant Alcatraz Cruises, LLC.  Defendant Alcatraz Cruises, LLC is therefore liable for the acts and omissions of the individual Defendants pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

19.     At all relevant times, Mr. Jiboku Ayokunle fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant Alcatraz Cruises, LLC. even while discrimination impacted his work.

20.     Mr. Jiboku Ayokunle has a history and record of complements from customers and excellent job performance.

21.     At all relevant times, Defendant Scott Thornton  and Astrid Johannessen were employed Defendant Alcatraz Cruises, LLC. as a managers/supervisors

22.     At all relevant times, Defendant Douglas Linares was employed by Defendant Alcatraz Cruises, LLC as a supervisor.

23.     At all relevant times, defendant Anne Levine was employed by Defendant Alcatraz Cruises, LLC as Human Resources Director.

24.     Plaintiff was the only black person in his job position.  Soon after starting to work for Defendant, Plaintiff starting to experience racism.  On April 12, 2009, Guest Services Agent Jennie Sundling, a white woman, approached plaintiff while he was at work.  She stated she hated some Black behavior and continued to make disparaging statements.  Plaintiff politely asked her to stop.  Jennie Sundling then said she hoped he was not, one of those stuck-up Blacks who got offended whenever people said something bad about Black people.  She made other offensive comments which were reported to Supervisor Douglas Linares.  Plaintiff received no follow up and believes she was never spoken to about her conduct.

    That same month plaintiff reported that another employee called him a 'bitch' because he would not approach a female and ask for her number. He said, "Most niggers are all talk.  Plaintiff reported this to Supervisor Douglas Linares; however he never received any response and racial statements increased.

Ayokunle Complaint

25.     Another supervisor, also sent a MEME scoreboard the read 'NIG-0 GER-0', with underlying racial comments.  When Mr. Ayoknule made a complaint he was told this should be considered a joke.

26.     Numerous times Mr. Ayoknule, whose post was outside, was prevented by his supervisor from wearing rain gear saying it was not authorized apparel while other non-black employees in the same position were allowed to ware non authorized apparel.

27.     On one occasion when directed by Supervisor Douglas Linares to remove an African American man from the premises, Mr. Linares stated to plaintiff, "He is one of your people, why do you guys behave like this?  Handle him."  Other white security agents were available at the time.

28.     Plaintiff was routinely asked to watch black guests while white security agents were not asked to do this job. Manager David Morris with others joked about this.

29.     In October 2009, Supervisor Douglas Linares required plaintiff to climb a high tower to watch black person which he called a "potential shoplifter".  Plaintiff sustained an injury from one such climb; which required hospital medical attention.  By October 2009 plaintiff sought medical attention due to high blood pressure and acute stress from the job.  He was diagnosed with High Blood Pressure and Acid Reflux disease.  He has been on this medication for five years now.  In October2009, on his day off, plaintiff went for a follow up for the injury sustained at work at the company's sports clinic.  He called Human Resources Director Anne Levine, who said he could better utilize his free time by coming back to Pier 33 to fill out medical insurance papers."  Even though it was his day off and he had a medical appointment, Anne Levine told him, if he wanted to last at the company, he needed to learn his place and obey the orders of senior managers.  Plaintiff felt this was a threat resulting from his complaints about racism in the workplace.

30.     In December 2009, plaintiff was called by Margaret Foster on his off work day and asked if he had taken a plastic mouthpiece used to separate direct contact between people's lips during CPR.  This amounted to an accusation of theft.  He told her he didn't take it.  During the following days he spoke with employees who had been in the same CPR training class and they maintained that she had not questioned anyone of them, and, thinking she might have found it, plaintiff double-checked with Margaret Foster and she said she hadn't found the mouthpiece.  Even though over twenty people had participated in this

exercise, only Oscar Hernandez (Mexican) and Plaintiff (African-American) had been questioned. None of the white employees who had been in the CPR training were questioned.

31.     In March of 2010, Supervisor Linares told plaintiff to "go back to Africa" after a disagreement.

32.     On an August 2010 occasion during the Civil War Reenactment at Alcatraz, Supervisor Linares stated to plaintiff "you people are not allowed to participate in that". At another time Supervisor Linares stated" do you people still swing from trees in Africa". And the supervisor stated, "if it wasn't for the yellow vest nobody would be able to see you". Plaintiff took each of these statements to be disparaging and intentionally disparaging and racist. Plaintiff experienced a physical reaction to these and other experiences on the job. Such statements are part of the history of racism. Plaintiff complained to management above Linares but no action was taken.

33.     In October of 2010 heavy rains caused city barricades to float out into the street. Supervisor Linares periodically required plaintiff to wade into water to retrieve the city erected barricades. No other employee was required to do this. The supervisor referenced slavery and said "I know you people don't do water well". Plaintiff experienced shame and humiliation. Plaintiff complained to management, no action was taken.

34.     Plaintiff, who speaks several languages, including Japanese, made a visit to Japan and sent photographs of himself from Japan in January 2011 as Christmas Greeting to fellow employees. In return plaintiff received from his supervisor Linares a photo of a young white male that appeared to have down syndrome wearing a t-shirt with large letters that read "AT LEAST I'M NOT A NIGGER". Plaintiff complained to management and nothing was done until June 2011 when plaintiff was told by Human Resources that a meeting of managers Astrid Johannessen, Scott Thornton, Anne Levine and Denise Rasmussen would result from his complaint.

35.     At plaintiff's meeting with Astrid Johannessen and Anne Levin in, Anne Levine told plaintiff that since supervisor Linares sent the message via email, plaintiff was fifty percent at fault for allowing him to have his email address even though required by company policy. She said plaintiff must have done something to warrant or encouraged it. She said nothing could be done about it. Plaintiff explained that Supervisor Linares used the term nigger on other occasions in the workplace; Anne Levine said that was irrelevant.

Ayokunle Complaint

36.     Plaintiff complained to Supervisor Douglas Linares that other employees under Linares's supervision used nigger and plaintiff was offended.  The other employees did not appear to be of African decent.  Supervisor Linares refused to do anything about the offensive environment.

37.     Plaintiff was denied a locker from his first day of employment.  He complained to his Supervisor Linares who never corrected the problem.  All other employees had lockers.  On One occasion, plaintiff saw a locker with plaintiff's name on it that had property of others in it.  Plaintiff complained that some one was tying to set him up for a theft charge.  The locker was not assigned to plaintiff.  Nothing was done about plaintiff's complaint.

38.     On June 14, 2013, plaintiff reported to Supervisor Linares that he "didn't appreciate Stephen Mesa-Chapman still referring to hem by racially insensitive tags such as "'Blurple'", "'Darkie'", "'Wigger'" (White Nigger) or bringing me the "'NIKA'" drinking water bottle and making racist jokes regarding the brand name.  This conduct was constant in the workplace.  Nothing was done to correct the situation.

**39.**     In June 2013, Douglas Linares was promoted again, to Assistant General Manager.  Mr. Linares received several promotions during Plaintiff's time on the job, which increased plaintiff's belief that the company endorsed his offensive, abusive and racist conduct.

40.     Plaintiff requested a locker again to Supervisor Adam Brooke but was told there were none available even though Plaintiff saw several with no nameplate and wide open.  Another time, Supervisor Adam Brooke directed plaintiff to go to the Boarding Gate where the temperatures were cold.  Plaintiff advised him that he had poor circulation.  Supervisor Adam said, "I thought Black people were supposed to be tough."  While at that post, plaintiff experienced an attack of Reynaud's disease (a condition in which some limb extremities go numb due to poor blood circulation) at the boarding gate where his hands ceased functioning. Supervisor Adam Brooke ignored plaintiff's pleas.  He had to be rushed to St. Francis hospital.  Plaintiff contacted Astrid Johannessen and Anne Levine of Human Relations and reported Supervisor Brook's conduct.  Plaintiff was never informed whether any action was taken or if he was ever spoken to.

41.     In December 2009, Plaintiff applied for the position of Guest Services Supervisor but was told he had to have been a member of staff for at least a year.  The company handbook states the time required was actually six months.  He complained but received no response.

42.     In 2010 Plaintiff apprehended a thief at the company café.  A supervisor Aaron Warren then said, where I am from, we drag niggers like that into the woods and shoot them.  Plaintiff was offended and reported this offensive statement to supervision but no follow up occurred.

43.     Another supervisor made statements to Plaintiff to the effect that, she likes to make people uncomfortable and "how does it feel to be black"?  Plaintiff complained to management on several occasions about this and other disparaging racial conduct.  No action was taken.

44.     In September 2010 Manager Scott Thornton mentioned that, as a result of Plaintiff's maturity and work ethic, he would like to give more responsibility. He kept alluding to Plaintiff's age, asking how old he was and saying Plaintiff was sharper than most people younger.  Plaintiff believed his age had the potential of becoming an issue.  Scott Thornton promised advancement to Plaintiff but never followed up.

45.     Brea Kelsey made the statement that, she thinks the President is stupid…. and not because he is black, in reference to the upcoming visit by President Obama's daughters to Alcatraz.  Plaintiff ignored her and wouldn't even dignify her statements with a response.  Later Brea Kelsey asked if she was succeeding in getting to plaintiff.  Plaintiff ignored her but later reported complained to Supervisor Douglas Linares.

46.     In early 2011 Plaintiff learned that a white employee with less than a year on the job and less experience and qualification than he was promoted to supervisor with increased benefits.  Plaintiff complained that he had been passed over for promotion.

47.     In July 2011 Anne Levine made the comments to Plaintiff that he was not smiling at her.  She said among other hurtful words that he must realize her position in the company is influential and depending on how she views him, she can make things easier or more difficult for him.  Plaintiff reported this to management persons Astrid Johannessen and Denise Rasmussen.  He never heard back or received an update regarding this complaint.

48.     **In J**uly 2011 Plaintiff again met with manager Scott Thornton.  Thornton promised to create the long-awaited position of Security Manager, for which he gushed that Plaintiff was more than qualified.  He stated that Plaintiff would have to meet with Department Heads and others.  Plaintiff was excited; not knowing Thornton was only buying time and would over the next two years drag his feet, eventually failing to keep the promise.

49.     In August, 2011, Deanna Cano, a Supervisor in the Café, unprovoked, verbally abused and screamed at Plaintiff.  She said he moved her car.  She repeated many times that Plaintiff shouldn't touch her car under any circumstances.  She said she didn't mind if anyone else touched her car except Black people.  Plaintiff was later told that she was Douglas Linares's friend and had just heard Plaintiff had made complaints against him.  Plaintiff complained about this conduct to other management but received no response.

50.     In August 2011 Plaintiff was told by Manager Astrid Johannessen that the company already had a person in mind for the newly proposed Assistant manager position.  Plaintiff learned that he was passed over in favor of Kevin Artist, a white male, who had been with the company for four months.  In violation of the company's own policies, Kevin Artist was promoted to the Assistant Manager position.  Plaintiff complained.

51.     In September 2011 Plaintiff was called to the Departure Gate by Ronnie Moss, a Group Services Alcatraz Cruises employee who needed Plaintiff to translate in Japanese to a group of high school students.  It was not uncommon for Plaintiff to walk over from his position (which was a roving position) and yards from his podium to the student's position.  Newly Assistant Guest Services Manager Kevin Artiste burst out of the ticket booth, and physically dragged Plaintiff by the collar away from the students.  He progressively became verbally abusive, demanding Plaintiff look him in the eye, backed Plaintiff into a corner, physically threatened Plaintiff, and screamed among other things, "Black people are useless", and "you are dismissed".

52.     In September, 2011 Anne Levine and Astrid Johannessen grilled Plaintiff, regarding the allegations that he had assaulted Kevin Artiste.  Plaintiff believed it was becoming increasingly apparent that he was being singled out at the slightest excuse because he had reported Douglas Linares for making those racist comments and for complaints against Anne Levine.

53.     Plaintiff reported the events to Manager Scott Thornton.  Kevin Artiste told a different.  Cameras were checked and confirmed Plaintiff's version.  Nothing was done, as far as Plaintiff knows, to discipline Kevin Artiste.

54.     In September 2011, shortly after the assault incident, Astrid Johannessen and Scott Thornton met with Plaintiff.  Scott promised that the position of Security Supervisor had already been created especially

Ayokunle Complaint

for Plaintiff and that Plaintiff should be patient.  He said that Plaintiff was the most qualified person and that Plaintiff just had to go through the proper channels, apply and with time would move up to the position he for which he was qualified.  Plaintiff relied on this promise to his detriment.

55.    December 18, 2011 was the Native American Sunrise Ceremony.  Plaintiff heard the usual racist comments from various supervisors and other employees including the racist comments from Captain Tim Suchomel that, "the 'Red Man' got what he deserved",   Plaintiff complained but got no responses.

56.    In December 2011, white employee Nick Calderon was fired for "acting Black", according to employee Steve Mesa-Chapman.  Comments on the job about Calderon appearances associated him with black culture and disparaged Calderon as well as black people in general.

57.    In February 2012 Astrid Johannessen approached plaintiff at the direction of Scott Thornton about an open Security Supervisors position.  Plaintiff told her he wanted the position.  That was the last plaintiff heard of the phantom position.

58.    In February, 2012 – Astrid Johannessen told Plaintiff that the Tennessee Horn-Blower Company soon start interviewing for the Security Supervisor position suggesting that Plaintiff would be eligible for the job.

59.    When in February 2012, Joel Mueller a white male was made the new Assistant General Manager for Guest Services, Plaintiff realized that the company had been intimating fraudulently that the new Security Supervisor position was about to be filled to distract him from applying for the open position. This pattern was used previously in filling supervisory position while passing over Plaintiff.

60.    In June, 2012, Plaintiff received a hard copy of the annual review of May 18, 2012 and was dismayed to see that in absolute violation of their agreement, confidential comments, made to Astrid Johannessen and Scott Thornton had been inserted in the margins.   Defamatory comments had been carefully placed there, designed to destroy the credibility of the high-scoring review. Plaintiff complained to Scott Thornton who agreed to erase and omit the comments.

61.    Plaintiff noted: June 13, 2012 – Another appointment with Dr. Lopez as his high blood pressure spiked and he had an EKG.  Now he was on full time medication for high blood pressure.

62.     In July, 2012, Astrid Johannessen reversed the offending passages in the review and responded to Plaintiff's letter, saying "You have defended yourself well" and "I couldn't give you all positive marks. I had to say something negative about you so it wouldn't be perfect".

63.     On November 20, 2012 –. Another supervisor position was posted.  Plaintiff was of was off work. On November 21, 2012, the posting for Security Supervisor was suddenly removed from the job position board, never to be seen or mentioned again.  On November 22, 2012, a posting for the vacancy created by Adam Brooke's resignation was removed.  Plaintiff only worked Fridays, Sundays and Mondays; the posting was done after he got off work on Monday, November 19 and taken down before Friday, November 23, before he had get a chance to see it.  It was not made public and once again, another supervisor position was deliberately denied to an African-American.  Plaintiff is informed and believes this was a deliberate method of keeping Plaintiff from the opportunity to apply for the position.

64.     In February 2013, coworkers continued using Nigger around Plaintiff.  His complaint to the company resulted in coworkers finding out about the complaint and creating more tensions in the work place.  Coworkers and others called Plaintiff snitch and shunned Plaintiff.  Management both participated in the conduct and failed to address Plaintiff's complaints.

65.     In February, 2013, Plaintiff asked why the company handbook has 240 pictures of Alcatraz Cruises employees, some of which were multiple pictures of the same person, but only one was of an African-American.  Astrid Johansson became visibly upset and told him that he better pretend everything was okay.

66.     In March 2013, Plaintiff reported to Douglas Linares about the continued use of the N-word in the work place.  Plaintiff asked if he could, at least, tell them to tone it down or say it elsewhere.  No action was taken, and it continued.

67.     The hostility continued toward Plaintiff with comments about his reporting racism on the job.   In April 2013, Joel Mueller responding to Plaintiff's queries, about how he wanted the long lines to be organized, screamed profanity at Plaintiff, When Plaintiff took mail into the Ticket Booth; Mr. Mueller just threw the whole batch into the trash without looking at it.

68.     In June 2013, Plaintiff received a latter from an Hispanic couple stating that Joel Mueller had been racist and rude to their family.  Plaintiff gave it to Astrid Johannessen believing that it wouldn't see the

light of day based on prior experience. These days he felt continuously depressed, experienced definite lower job satisfaction, burnout, disappointment, humiliation, anxiety, distress, grief and sadness. He really enjoyed meeting people from all over the world and helping them but he didn't know how long he could continue in the job. His blood pressure was not showing any signs of rapid improvement.

69.     In June, 2013, Plaintiff found another racist note at his podium. The podium was assigned to Plaintiff alone and kept overnight in the employee break room. He wheeled it out front at the start of his shift. Beginning in early 2010, he started finding racists notes on his podium such as "Nigger, go back to Africa," and "we hate you Nigger". He made complaints to management. In August 2011, an employee Mr. Messa-Chapman admitted to writing the notes. He was disciplined but thereafter the racist notes and comments continued. In one instance Mr. Messa-Chapman stated in the presence of Plaintiff, "Do you know what the problem with America is? All these Niggers". Management made not other attempt to change the conditions.

70.     On October 2013, Plaintiff was informed that his hours would be cut to 18 hours.   Joel Mueller screamed at Plaintiff for taking his ten minuet break.   As it was common knowledge that Plaintiff has many Japanese friends and Japanese customers generally like him, Joel made comments to Plaintiff about how he "hated those fucking Japs always crowding around you". Plaintiff corrected him that he was just doing his job.  As a result Mr. Mueller promptly assigned Plaintiff to do three people's jobs, Traffic Control Guy, Information Guy at the booth, and simultaneously, the Parking Lot Guy.  Mr. Mueller moved the podium to a place where there was no electrical outlet denied phone access and creating stress and lowering job effectiveness.  Plaintiff was not allowed to go on break at scheduled 11:30 a.m. lunch period.

71.     Mr. Muller falsely reported to Denise Rasmussen and Anne Levine that Plaintiff was selling tickets.   Plaintiff was grilled at HR office with "Who gets the money", and "How does the money exchange hands?"  Plaintiff was insulted.

72.     Plaintiff insisted to talk only with Denise Rasmussen without Anne.  In that discussion Denise Rasmussen told Plaintiff that Scott Thornton never had any plans of promoting Plaintiff.  She acknowledged that plaintiff did not sell tickets. No action was taken against Mr. Mueller

73.     In October 2013, Plaintiff met with Scott Thornton about the incident regarding tickets.  Plaintiff told Scott Thornton that he knew they already decided not to give him a promotion.  Thornton apologized

Ayokunle Complaint

for not taking action against the racist treatment Plaintiff had been reporting because he did not know how to make it stop.  Plaintiff told him that as long as they did not take action, the people who exhibited this reprehensible behavior would be encouraged to continue it.   Plaintiff went through a long check list of things he had complained about over the years, none of which had been adequately addressed, Douglas Linares, Kevin Artist, Joel Mueller, Nick Estrada, non-promotions, continued racist remarks, general disrespect and nepotism while relatives of African-Americans weren't allowed to be hired and finally the elevation to supervisory and managerial positions of Theresa Halloran, Miguel Medrano, Joel Mueller, Douglas Linares, Kevin Artiste, April Molina, Stephen Mesa-Chapman, Jocelyn over him when he was more experienced in the position over the course of four and a half years.

74.     The discrimination, harassment, abuse, and hostility interfered with Mr. Ayoknule's ability to do his job which required interacting with other employees and customers.

75.     Mr. Ayoknule received psychological therapies for the stress and trauma resulting from the environment forced upon him from the company.

76.     Mr. Ayoknule had to resign from the job to protect himself from the on the job harassment and hostile environment.

**FIRST CLAIM FOR RELIEF**

**FOR RACE DISCRIMINATION**

**(against all defendants**

(Gov. Code Section 12940(a); 42 U.S.C section 2000e-2(a))

77.     Plaintiff incorporates by reference paragraphs 1 through 76 above as through fully set forth herein.

78.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants discriminated against Plaintiff based on his race and national origin in violation of Government Code section 12940(a) and 42 U.S.C. section 2000e-2(a).

**SECOND CLAIM FOR RELIEF**

**FOR RETALIATION**

(against all defendants)

(Gov. Code section 12940(h); 42 U.S.C. section 2000e-3(a))

79.     Plaintiff incorporates by reference paragraphs 1 through 78 above as through fully set forth herein.

Ayokunle Complaint

80.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants retaliated against Plaintiff for reporting race discrimination and a hostile work environment in violation of Government Code section 12940(h) and 42 U.S.C. section 2000e-3(a).

### THIRD CLAIM FOR RELIEF
### HARRASSMENT
### BECAUSE OF RACE AND NATIONAL ORIGIN

(against all defendants)

(Gov. Code section 12940(j); 42 U.S.C section 2000e-2(a)

81.     Plaintiff incorporates by reference paragraphs 1 through 80 above as through fully set forth herein.

82.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants harassed and discriminated against Plaintiff based on his race and national origin for reporting race discrimination and a hostile environment in violation of Government Code section 12940(j) and 42 U.S.C. section 2000e-2(a).

### FORTH CLAIM FOR RELIEF FOR FILURE TO PREVENT
### RACE AND NATIONAL ORIGIN DISCRIMINATION

(against all defendants)

(Gov. Code section 12940(k)

83.     Plaintiff incorporates by reference paragraphs 1 through 82 above as through fully set forth herein.

84.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants failed to prevent discrimination against Plaintiff based on his race and national origin for reporting race discrimination and a hostile environment in violation of Government Code section 12940(k).

### FIFTH CLAIM FOR RELIEF FOR FILURE TO PREVENT
### RACE AND NATIONAL ORIGIN HARASSMENT

(against all defendants)

(Gov. Code section 12940(k)

85.     Plaintiff incorporates by reference paragraphs 1 through 84 above as through fully set forth herein.

Ayokunle Complaint

14

86.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants failed to prevent harassment of Plaintiff based on his race and national origin for reporting race discrimination and a hostile environment in violation of Government Code section 12940(k).

**SIXTH CLAIM FOR RELIEF FOR FILURE TO PREVENT**

**RETALIATION**

(against all defendants)

(Gov. Code section 12940(k)

87.     Plaintiff incorporates by reference paragraphs 1 through 86 above as through fully set forth herein.

88.     By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants failed to prevent retaliation against Plaintiff based on his race and national origin for reporting race discrimination and a hostile environment in violation of Government Code section 12940(K)

**DAMAGES**

The conduct of the above-named Defendants, as set forth herein, in violating Mr. Jiboku Ayokunle's rights under California Law and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; caused injuries, damages and harm to Mr. Jiboku Ayokunle, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

WHEREFORE, Plaintiff Jiboku Ayokunle requests judgment and damages against Defendants, jointly, severally and/or individually, as follows:

A.  A declaratory judgment that Defendants have violated Mr. Jiboku Ayokunle' right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A;

B.  Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and front pay.

Ayokunle Complaint

C.  An award to Mr. Jiboku Ayokunle for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

D.  An award to Mr. Jiboku Ayokunle for exemplary and/or punitive damages in an amount to be shown at trial;

E.  An award of reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42 U.S.C. Section 1981A, 42 U.S.C Section 1988 and as provided under state law;

F.  An award to Mr. Jiboku Ayokunle of interest on any awards at the highest rate allowed by law; and

G.  Such other and further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW

Respectfully Submitted,

Dated: March 20, 2015

Law Office of Walter Riley

Ayokunle Complaint

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* ALCATRAZ CRUISES LLC   ANNE LEVINE
SCOTT THORNSON   ASTRID JOHANNSON
DOUGLAS ZINARUS   DOET 1 THROUGH 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jiboku Ayokunle

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* California Superior Court, San Francisco<br>400 McAllister St.<br>San Francisco, CA | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-15-544845** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter Riley, 1440 Broadway Ste. 612A, Oakland CA 94612, 510 451-1422

DATE: March 20, 201**MAR 20 2015**   CLERK OF THE COURT,   _____, Deputy
*(Fecha)*   *(Secretario)*   MARY ANN MORAN   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CASE NUMBER: CGC-15-544845  JIBOKU AYOKUNLE VS. CRUISES, LLC ALCATRAZ ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **AUG-19-2015** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.    **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

*FIRST AMENDED*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Alcatraz Cruises, LLC; Scott Thornton; Douglas Linares; Anne Levine;
Astrid Johannessen; Does 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jiboku Ayokunle

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* California Superior Court, San Francisco
400 McAllister St.
San Francisco, CA

CASE NUMBER:
*(Número del Caso):*
CGC-15-544845

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter Riley, 1440 Broadway Ste. 612A, Oakland CA 94612, 510 451-1422

DATE: **APR 0 9 2015**   CLERK OF THE COURT   Clerk, by _____ ANNA L TORRES _____ , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FIRSTAMENDED

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Alcatraz Cruises, LLC; Scott Thornton; Douglas Linares; Anne Levine;
Astrid Johannessen; Does 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Jiboku Ayokunle

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): California Superior Court, San Francisco | (Número del Caso): |
| 400 McAllister St. | CGC-15-544845 |
| San Francisco, CA | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Walter Riley, 1440 Broadway Ste. 612A, Oakland CA 94612, 510 451-1422

| DATE: APR 0 9 2015 | CLERK OF THE COURT | Clerk, by | ANNA L. TORRES | , Deputy |
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): ALCATRAZ CRUISES, LLC.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): Corp Code 17061 LLC

4. ☒ by personal delivery on (date): JUNE FIRST 2015

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Walter Riley, SBN 95919
   1440 Broadway, Suite 612A
2  Oakland, CA 94612
   Tel. (510) 451-1422
3  Fax: (510) 451-0406
   walterriley@rrrandw.com
4  Attorney for Plaintiff
   Jiboku Ayokunle
5

6

7

8                    IN THE SUPERIOR COURT

9                OF CALIFORNIA, SAN FRANCISCO

10 JIBOKU AYOKUNLE;                    CASE NO: CGC-15-544845

11        Plaintiff,                   FIRST AMENDED

12                                     COMPLAINT FOR DAMAGES

13 VS                                  EMPLOYMENT/CIVIL RIGHTS

14 ALCATRAZ CRUISES, LLC; SCOTT THORNTON;

15 DOUGLAS LINARES; ANNE LEVINE;

16 ASTRID JOHANNESSEN; DOES 1 THROUGH 20.

17

18                                     *JURY* TRIAL DEMANDED

19

20

21      Plaintiff, Jiboku Ayokunle, by and through his undersigned counsel, Walter Riley, hereby

22 complains against the Defendants, the Alcatraz Cruises LLC., Scott Thornton, Douglas Linares, Anne

23 Levine and Astrid Johannessen as follows:

24                    STATEMENT OF CLAIM

25 1.      This is an action to vindicate violations of Plaintiff's civil rights and to redress the unlawful and

26 discriminatory conduct and employment practices of Defendants. This action arises out of the illegal racial

27 discrimination, national origin discrimination, retaliation, hostile environment and constructive discharge

28 of Mr. Jiboku Ayokunle. Mr. Jiboku Ayokunle alleges, *inter alia*, that he was constructively terminated

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco
APR 03 2015
Clerk of the Court
BY: ROMY RISK
                    Deputy Clerk

1   from his employment based, in whole or in part, upon his race, national origin and whistleblower status in

2   violation of California Law and Federal Law.

3   2.      Beginning on or about March 27, 2009, Mr. Jiboku Ayokunle, a Black American male, born in the

4   United States to African immigrant parents, was hired as a part time a Guest Services Agent/Security by

5   Defendant Alcatraz Cruises LLC in San Francisco, California.  He worked at the San Francisco site.

6   During his years with Defendant, Mr. Jiboku Ayokunle performed his duties in a professional and

7   outstanding manner from March of 2009 to the date of his constructive discharge on October 24, 2013.

8   Between March 2009 and October 2013 Mr. Ayokunle was subjected to racial discrimination and verbal

9   abuse, national origin abuse, denied promotion by defendants because of his race and national origin,

10  retaliated against by defendants for filing complaints and exposing the abuse to management, and a hostile

11  work environment resulting in economic damages and psyche injury.

12                                                **VENUE**

13  3.      The actions giving rise to this lawsuit occurred in the City and County of San Francisco, California.

14  4.      This is, in part, an action authorized and instituted pursuant to: State of California Gov. Code

15  sections 12940 et sec; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et

16  seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C.

17  Section 1981; 42 U.S.C. Section 1981A; and 42 U.S.C. Section 1988.

18  5.       Venue is proper in the County of San Francisco wherein Plaintiff worked, where Alcatraz Cruises,

19  LLC regularly conducts business and where all the wrongful conduct occurred.

20                                               **PARTIES**

21  6.      At all relevant times, plaintiff Jiboku Ayokunle was a resident of Alameda County, California and

22          worked at the San Francisco site.

23  7.      At all relevant times defendant Alcatraz Cruises LLC, was operating at 55 Francisco Street,

24  San Francisco, California 94133.

25  8.      At all relevant times defendant Douglas Linares was employed by defendant Alcatraz Cruises LLC

26  as a supervisor and worked at the San Francisco, California site.

27  9.      At all relevant times, Defendant Scott Thornton was employed by Defendant Alcatraz Cruises

28  LLC as a supervisor and worked at the San Francisco site.

Ayokunle Complaint 1st Amended

10.    At all relevant times, Defendant Astrid Johannessen  was employed by Defendant Alcatraz Cruises LLC as a supervisor and worked at the San Francisco site.

11.    At all relevant times, defendant Anne Levine was employed by Defendant Alcatraz Cruises LLC, as Human Resources Director and worked at the San Francisco site.

12.    The true names and capacities of the defendants named Does 1 through 20, inclusive, whether individual, corporate, associate, or otherwise; are unknown to plaintiff, who therefore sues such defendants by fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in the manner set forth in this complaint, or in some manner for the occurrences alleged in this complaint, and that the damages as alleged in this complaint are proximately caused by their conduct. Plaintiff is informed and believes that each of the fictitiously named defendants is a California resident or entity subject to California jurisdiction. Plaintiff will amend this complaint to show the true names and capacities of the fictitiously named defendants when such capacities have been determined.

## ADMINISTRATIVE PREREQUISITES

13.    Mr. Jiboku Ayokunle has complied with all the administrative prerequisites to action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

   a.  On or about April 24, 2014 Mr. Jiboku Ayokunle timely filed a formal charge of discrimination with the State of California Department of Fair Employment & Housing [hereinafter referred to as DFEH ] which was jointly filed with the Equal Employment Opportunity Commission [hereinafter referred to as EEOC ];

   b.  Mr. Jiboku Ayokunle promptly and diligently accommodated all DFEH and EEOC requests for information and fully cooperated in the agencies' investigation of this matter;

   c.  Mr. Jiboku Ayokunle has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action. Mr. Jiboku Ayokunle received a Notice of Right to Sue from the DFEH

## FACTUAL ALLEGATIONS

14.    Plaintiff, Jiboku Ayokunle, started employment with Defendant Alcatraz Cruises, LLC on or about March 27, 2009.

1  15.     At all relevant times, Defendant Alcatraz Cruises, LLC employed in excess of 500 employees.

2  16.     At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of

3  Mr. Jiboku Ayokunle's employment were governed and controlled by Defendant Alcatraz Cruises, LLC.

4  17.     Upon information and belief and at all relevant times, Defendants Scott Thornton, Douglas

5  Linares, Anne Levine and Astrid Johannessen were acting as managers or supervisors or, agents, servants

6  and/or employees of Defendant Alcatraz Cruises, LLC. Defendant Alcatraz Cruises, LLC is therefore

7  liable for the acts and omissions of the individual Defendants pursuant to the principles of ratification,

8  *respondeat superior* and actual and/or implied agency.

9  18.     At all relevant times, Mr. Jiboku Ayokunle fully, adequately and completely performed all of the

10 functions, duties and responsibilities of his employment with Defendant Alcatraz Cruises, LLC. even

11 while discrimination impacted his work.

12 19.     Mr. Jiboku Ayokunle has a history and record of excellent job performance and complements from

13 customers.

14 20.     At all relevant times, Defendant Scott Thornton and Astrid Johannessen were employed by

15 Defendant Alcatraz Cruises, LLC. as a managers/supervisors

16 21.     At all relevant times, Defendant Douglas Linares was employed by Defendant Alcatraz Cruises,

17 LLC as a supervisor.

18 22.     At all relevant times, defendant Anne Levine was employed by Defendant Alcatraz Cruises, LLC

19 as Human Resources Director.

20 23.     Plaintiff was the only black person in his job position. Soon after starting to work for Defendant,

21 Plaintiff starting to experience racism from others on the job. On April 12, 2009, Guest Services agent

22 Jennie Sundling, a white woman, approached plaintiff while he was at work. She stated she hated some

23 Black behavior and continued to make other disparaging statements. Plaintiff politely asked her to stop.

24 Jennie Sundling then said she hoped he was not, one of those stuck-up Blacks who got offended whenever

25 people said something bad about Black people. She made other offensive comments which were reported

26 to Supervisor Douglas Linares. Plaintiff complained but received no follow up and believes she was never

27 spoken to about her conduct.

28      That same month plaintiff reported that another employee called him a 'bitch' because he would not

Ayokunle Complaint 1st Amended

1 approach a female and ask for her number. That employee said, "Most niggers are all talk. Plaintiff

2 reported this to Supervisor Douglas Linares; however he never received any response and racial statements

3 increased.

4 24..      Another supervisor, also sent a MEME scoreboard that read 'NIG-0 GER-0', with

5    underlying racial

6 comments. When Mr. Ayokunle made a complaint he was told this should be considered a joke.

7 25.    Numerous times Mr. Ayokunle, whose post was outside, was prevented by his supervisor from

8 wearing rain gear while other non-black employees in the same position were treated differently.

9 26.    On one occasion when directed by Supervisor Douglas Linares to remove an African American

10 man from the premises, Mr. Linares stated to plaintiff, "He is one of your people, why do you guys behave

11 like this? Handle him." Other white security agents were available at the time. Plaintiff was offended.

12 27.    Plaintiff was routinely asked to watch black guests while white security agents were not asked to

13 do this job. Manager David Morris with others joked about this which offended Plaintiff.

14 28.    In October 2009, Supervisor Douglas Linares required plaintiff to climb a high tower to watch a

15 black person which he called a "potential shoplifter". Plaintiff sustained an injury from one such climb;

16 which required hospital medical attention. By October 2009 plaintiff sought medical attention due to high

17 blood pressure and acute stress. In October 2009, on his day off, when plaintiff had a medical

18 appointment, Human Resources Director Anne Levine informed him via telephone that he could better

19 utilize his free time by coming back to the work site. Even though it was his day off and he had a medical

20 appointment, Anne Levine told him, if he wanted to last at the company, he needed to learn his place and

21 obey the orders of senior managers. Plaintiff is informed and believed this was a threat resulting from his

22 complaints about racism in the workplace.

23 29.    In December 2009, plaintiff was called by his superior Margaret Foster on his off work day and

24 asked if he had taken a plastic mouthpiece used to separate direct contact between people's lips during

25 CPR. This amounted to an accusation of theft. He told her he didn't take it. During the following days he

26 spoke with employees who had been in the same CPR training class and they maintained that she had not

27 questioned anyone of them. Thinking she might have found it, plaintiff double-checked with Margaret

28 Foster and she said she hadn't found the mouthpiece. Even though over twenty people had participated in

1   this exercise, only Oscar Hernandez (Mexican) and Plaintiff (African-American) were questioned. None

2   of the white employees who had been in the CPR training were questioned.

3   30.    In March of 2010, Supervisor Linares told plaintiff to "go back to Africa" after a disagreement.

4   31.    On an August 2010 occasion, during the Civil War Reenactment at Alcatraz, Supervisor Linares

5   stated to plaintiff "you people are not allowed to participate in that". At another time Supervisor Linares

6   stated" do you people still swing from trees in Africa". And the supervisor stated, "if it wasn't for the

7   yellow vest nobody would be able to see you". Plaintiff took each of these statements to be disparaging

8   and intentionally disparaging and racist. Plaintiff experienced a deleterious physical reaction to these and

9   other experiences on the job. Such statements are part of the history of racism. Plaintiff complained to

10  management about Linares but no action was taken.

11  32.    In October of 2010 heavy rains caused city barricades to float out into the street. Supervisor

12  Linares several times required plaintiff to wade into water to retrieve the city erected barricades. No other

13  employee was required to do this. The supervisor referenced slavery and said "I know you people don't do

14  water well". Plaintiff experienced shame and humiliation. Plaintiff complained to management, no action

15  was taken.

16  33.    Plaintiff, who speaks several languages, including Japanese, made a visit to Japan and sent

17  photographs of himself from Japan in January 2011, with Christmas Greeting to fellow employees. In

18  return, plaintiff received from his supervisor Linares a photo of a young white male that appeared to have

19  down syndrome wearing a t-shirt with large letters that read "AT LEAST I'M NOT A NIGGER". Plaintiff

20  complained to management and nothing was done until June 2011, when plaintiff was told by Human

21  Resources that a meeting of managers Astrid Johannessen, Scott Thornton, Anne Levine and Denise

22  Rasmussen would result from his complaint.

23  34.    At plaintiff's Human Resources meeting with Astrid Johannessen and Anne Levin, Anne Levine

24  told plaintiff that since supervisor Linares sent the message via email, plaintiff was fifty percent at fault for

25  allowing him to have his email address, even though it was required by company policy. She said plaintiff

26  must have done something to warrant or encouraged it. She said nothing could be done about it. Plaintiff

27  explained that Supervisor Linares used the term nigger on other occasions in the workplace; Anne Levine

28  said that was irrelevant.

35.   Plaintiff complained to Supervisor Douglas Linares that other employees under Linares's supervision used nigger and plaintiff was offended. The other employees did not appear to be of African decent. Supervisor Linares refused to do anything about the offensive environment.

36.   Plaintiff was denied a locker from his first day of employment. He complained to his Supervisor Linares, who never corrected the problem. All other employees had lockers. On one occasion, plaintiff happened to see a locker with plaintiff's name on it that had property of others in it. Plaintiff complained that some one was tying to set him up for a theft charge. The locker was not assigned to plaintiff. Nothing was done about plaintiff's complaint. Plaintiff was not assigned a locker.

37.   On June 14, 2013, plaintiff reported to Supervisor Linares that he "didn't appreciate Stephen Mesa-Chapman still referring to him by racially insensitive tags such as "'Blurple'", "'Darkie'", "'Wigger'" (White Nigger), or taking him the "'NIKA'" drinking water bottle and making racist jokes regarding the brand name. This conduct was constant in the workplace. Nothing was done to correct the situation.

38.   In June 2013, Douglas Linares was promoted again. Mr. Linares received several promotions during Plaintiff's time on the job, which increased plaintiff's belief that the company endorsed his offensive, abusive and racist conduct.

39.   Plaintiff requested a locker again to Supervisor Adam Brooke but was told there were none available even though Plaintiff saw several with no nameplate and unused. Another time, Supervisor Adam Brooke directed plaintiff to go to the Boarding Gate where it was cold. Plaintiff advised him that he had poor circulation and wanted a different assignment. Supervisor Brooke said, "I thought Black people were supposed to be tough." While at that post, plaintiff experienced an attack of Reynaud's disease (a condition in which some limb extremities go numb due to poor blood circulation) at the boarding gate, during which his hands ceased functioning. Supervisor Adam Brooke ignored plaintiff's pleas for a change in station. He had to be rushed to St. Francis hospital. Plaintiff contacted Astrid Johannessen and Anne Levine of Human Relations and reported Supervisor Brook's conduct. Plaintiff was never informed whether any action was taken, or if Brooke was ever spoken to.

40.   In December 2009, Plaintiff applied for the position of Guest Services Supervisor but was told he had to have been a member of staff for at least a year. He later learned the time required was actually six months. He complained but received no response. He was passed over for promotion.

7

Ayokunle Complaint 1st Amended

41.     In 2010 Plaintiff apprehended a thief at the company café. A supervisor Aaron Warren then said, where I am from, we drag niggers like that into the woods and shoot them. Plaintiff was offended and reported this offensive statement to supervision but no follow up occurred.

42.     Another supervisor made statements to Plaintiff to the effect that she liked to make people uncomfortable, and "how does it feel to be black"? Plaintiff complained to management on several occasions about this and other disparaging racial conduct. No action was taken.

43.     In September 2010 Manager Scott Thornton mentioned that, as a result of Plaintiff's maturity and work ethic, he would like to give him more responsibility. He kept alluding to Plaintiff's age, asking how old he was and saying Plaintiff was sharper than most people younger. Plaintiff believed his age had the potential of becoming a damaging status issue against him. Scott Thornton promised advancement to Plaintiff but never followed up.

44.     Brea Kelsey made the statement that, she thinks President Obama is stupid making reference to him being black around the time of the visit by President Obama's daughters to Alcatraz. Plaintiff ignored her and wouldn't even dignify her statements with a response. Later Brea Kelsey asked if she was succeeding in getting to plaintiff. Plaintiff ignored her but complained to Supervisor Douglas Linares. No follow up occurred.

45.     In early 2011 Plaintiff learned that a white employee with less than a year on the job, and less experience and qualification than Plaintiff, was promoted to supervisor with increased benefits. Plaintiff complained that he had been passed over for promotion.

46.     In July 2011 Anne Levine made the comments to Plaintiff that he was not smiling at her. She said, among other hurtful words, that he must realize her position in the company is influential, and depending on how she views him, she can make things easier or more difficult for him. Plaintiff reported this to management persons Astrid Johannessen and Denise Rasmussen. He never heard back or received an update regarding this complaint.

47.     In July 2011 Plaintiff again met with manager Scott Thornton. Thornton promised to create the long-awaited position of Security Manager, for which he gushed that Plaintiff was more than qualified. He stated that Plaintiff would have to meet with Department Heads and others. Plaintiff was excited; not

1  knowing Thornton was actually distracting him from his complaints and would over the next two years

2  evade the issue, eventually failing to keep the promise.

3  48.     In August, 2011, Deanna Cano, a Supervisor in the Café, unprovoked, verbally abused and

4  screamed offensive words at Plaintiff. She said he moved her car. She repeated many times that Plaintiff

5  shouldn't touch her car under any circumstances. She said she didn't mind if anyone else touched her car

6  except Black people. Plaintiff was later told that she was Douglas Linares's friend and had just heard

7  Plaintiff had made complaints against Linares. Plaintiff complained about this conduct to other

8  management but received no response.

9  49.     In August 2011 Plaintiff inquired about a promotion and was told by Manager Astrid Johannessen

10  that the company already had a person in mind for the newly proposed Assistant manager position.

11  Plaintiff learned that he was passed over in favor of Kevin Artiste, a white male, who had been with the

12  company for four months. In violation of the company's own policies, Kevin Artist was promoted to the

13  Assistant Manager position. Plaintiff complained.

14  50.     In September 2011 Plaintiff was called to the Departure Gate by Ronnie Moss, a Group Services

15  Alcatraz Cruises employee who needed Plaintiff to translate in Japanese to a group of high school students.

16  It was not uncommon for Plaintiff to walk over from his position (which was a roving position) and yards

17  from his podium to the student's position. Newly Assistant Guest Services Manager Kevin Artiste burst

18  out of the ticket booth, and physically dragged Plaintiff by the collar away from the students. He

19  progressively became verbally abusive, demanding Plaintiff look him in the eye, backed Plaintiff into a

20  corner, physically threatened Plaintiff, and screamed among other things, "Black people are useless", and

21  "you are dismissed". Plaintiff complained and yet again nothing was done to correct the problem.

22  51.     In September, 2011 Anne Levine and Astrid Johannessen grilled Plaintiff, regarding allegations

23  that Plaintiff had assaulted Kevin Artiste. Plaintiff believed it was becoming increasingly apparent that he

24  was being singled out at the slightest excuse because he had reported Douglas Linares for racist comments

25  and conduct; and for complaints of discrimination by Anne Levine.

26  52.     Plaintiff reported the events the attack and Human Resources conduct to Manager Scott Thornton.

27  Kevin Artiste told a different story. Cameras were checked which confirmed Plaintiff's version. Nothing

28  was done, as far as Plaintiff knows, to discipline Kevin Artiste.

9

Ayokunle Complaint 1st Amended

53.     In September 2011, shortly after the assault incident, Astrid Johannessen and Scott Thornton met with Plaintiff. Scott promised that the position of Security Supervisor had already been created especially for Plaintiff and that Plaintiff should be patient. He said that Plaintiff was the most qualified person and that Plaintiff just had to go through the proper channels, apply and with time would move up to the position for which he was qualified. Plaintiff relied on this promise to his detriment.

54.     December 18, 2011 was the Native American Sunrise Ceremony. Plaintiff heard the usual racist comments from various supervisors and other employees including the racist comments from Captain Tim Suchomel that, "the 'Red Man' got what he deserved", Plaintiff complained but got no responses.

55.     In December 2011, white employee Nick Calderon was fired for "acting Black", according to employee Steve Mesa-Chapman. Comments on the job about Calderon's appearance associated him with black culture, which disparaged Calderon as well as black people in general.

56.     In February 2012, Astrid Johannessen approached plaintiff at the direction of Scott Thornton about an open Security Supervisors position. Plaintiff told her he wanted the position. That was the last plaintiff heard of the phantom position. The promises intended to and did distract plaintiff from complaints.

57.     In February, 2012, Astrid Johannessen told Plaintiff that the Tennessee Horn-Blower Company would soon start interviewing for Security Supervisor, suggesting that Plaintiff would be eligible for the job. This was a lead to further distract Plaintiff.

58.     When in February 2012, Joel Mueller, a white male, was made the new Assistant General Manager for Guest Services, Plaintiff realized that the company had been intimating fraudulently that the new Security Supervisor position was about to be filled in order to distract him from applying for the open position. This pattern was used previously in filling supervisory positions while passing over Plaintiff.

59.     In June, 2012, Plaintiff received a hard copy of the annual review of May 18, 2012 and was dismayed to see that, in absolute violation of their agreement, confidential comments, made to Astrid Johannessen and Scott Thornton had been inserted in the margins. Also defamatory comments had been carefully placed there, designed to destroy the credibility of his high-scoring review. Plaintiff complained to Scott Thornton who agreed to erase and omit the comments. No action was taken for the violation.

60.     Plaintiff noted in writing on June 13, 2012, another appointment with Dr. Lopez as his high blood pressure spiked and he had an EKG. Now he was on full time medication for high blood pressure.

61.     In July, 2012, Astrid Johannessen reversed the offending passages in the review and responded to Plaintiff's complaint letter, saying "You have defended yourself well" and "I couldn't give you all positive marks. I had to say something negative about you so it wouldn't be perfect".

62.     On November 20, 2012, another supervisor position was posted. Plaintiff was off work. On November 21, 2012, the posting for Security Supervisor was suddenly removed from the job position board, never to be seen or mentioned again. On November 22, 2012, a posting for the vacancy created by Adam Brooke's resignation was removed. Plaintiff only worked Fridays, Sundays and Mondays; the posting was done after he got off work on Monday, November 19 and taken down before Friday, November 23, before he had get a chance to see it. It was not made public and once again, another supervisor position was deliberately denied to Plaintiff, an African-American. Plaintiff is informed and believes this was a deliberate method of denying Plaintiff the opportunity to apply for the position.

63.     In February 2013, coworkers continued using Nigger around Plaintiff. His complaint to the company resulted in coworkers finding out about his complaint and creating more tensions in the work place. Coworkers and others called Plaintiff a snitch and shunned Plaintiff. Management both participated in the conduct and failed to address Plaintiff's complaints.

64.     In February, 2013, Plaintiff asked why the company handbook had 240 pictures of Alcatraz Cruises employees, some of which were multiple pictures of the same person, but only one was of an African-American. Astrid Johansson became upset and told Plaintiff that he better pretend everything was okay.

65.     In March 2013, Plaintiff reported to Douglas Linares about the continued use of the N-word in the work place. Plaintiff asked if he could, at least, tell them to tone it down or say it elsewhere. No action was taken, and it continued.

66.     The hostility continued toward Plaintiff, with comments about his reporting racism on the job. In April 2013, Joel Mueller, responding to Plaintiff's queries about how the long lines should be organized, screamed profanity at Plaintiff. When Plaintiff took mail into the Ticket Booth; Mr. Mueller just threw the whole batch into the trash as an act of hostility toward Plaintiff.

67.     In June 2013, Plaintiff received a latter from a Hispanic couple stating that Joel Mueller had been racist and rude to their family. Plaintiff gave it to Astrid Johannessen believing that it wouldn't see the light of day based on prior experience. These days he felt continuously depressed, experienced lower job

1  satisfaction, burnout, disappointment, humiliation, anxiety, distress, grief and sadness. He really enjoyed

2  meeting people from all over the world and helping them but he didn't know how long he could continue in

3  the job. His blood pressure was not showing any signs of rapid improvement.

4  68.   In June, 2013, Plaintiff found another racist note at his podium. The podium was assigned to

5  Plaintiff alone and kept overnight in the employee break room. He wheeled it out front at the start of his

6  shift. Beginning in early 2010, he started finding racists notes on his podium such as "Nigger, go back to

7  Africa," and "we hate you Nigger". He made complaints to management. In August 2011, an employee,

8  Mr. Messa-Chapman, admitted to writing the notes. He was disciplined but thereafter the racist notes and

9  comments continued. In one instance Mr. Messa-Chapman stated in the presence of Plaintiff, "Do you

10  know what the problem with America is? All these Niggers". Management made no other attempt to

11  change the conditions.

12  69.   On October 2013, Plaintiff was informed that his hours would be cut to 18 hours.   Joel Mueller

13  screamed at Plaintiff for taking his ten minute break.  As it was common knowledge that Plaintiff had

14  many Japanese friends and Japanese customers generally liked him. Joel made comments to Plaintiff

15  about how he "hated those fucking Japs always crowding around you". Plaintiff informed him that he was

16  just doing his job. As a result, Mr. Mueller promptly assigned Plaintiff to do three people's jobs, Traffic

17  Control Guy, Information Guy at the booth, and simultaneously, the Parking Lot Guy. Mr. Mueller moved

18  the podium to a place where there was no electrical outlet, denied phone access and created stress and

19  lowered job effectiveness. Plaintiff was not allowed to go on break at the scheduled 11:30 a.m. lunch

20  period.

21  70.   Mr. Muller falsely reported to Denise Rasmussen and Anne Levine that Plaintiff was selling

22  tickets.  Plaintiff was grilled at HR office with "Who gets the money", and "How does the money

23  exchange hands?"  Plaintiff was insulted.

24  71.   Plaintiff insisted he talk only with Denise Rasmussen without Anne Levine.  In that discussion

25  Denise Rasmussen told Plaintiff that Scott Thornton never had any plans of promoting Plaintiff.  She

26  acknowledged that plaintiff did not sell tickets. No action was taken against Mr. Mueller.

27  72.   In October 2013, Plaintiff met with Scott Thornton about the incident regarding tickets. Plaintiff

28  told Scott Thornton that he knew they already decided not to give him a promotion. Thornton apologized

Ayokunle Complaint 1st Amended

1   for not taking action against the racist treatment Plaintiff had been reporting because he did not know how

2   to make it stop. Plaintiff told him that as long as they did not take action, the people who exhibited this

3   reprehensible behavior would be encouraged to continue it. Plaintiff went through a long check list of

4   things he had complained about over the years, which had not been adequately addressed, Douglas

5   Linares, Kevin Artiste, Joel Mueller, Nick Estrada, non-promotions, continued racist remarks, general

6   disrespect and nepotism while relatives of African-Americans weren't allowed to be hired and finally the

7   elevation to supervisory and managerial positions of Theresa Halloran, Miguel Medrano, Joel Mueller,

8   Douglas Linares, Kevin Artiste, April Molina, Stephen Mesa-Chapman, Jocelyn all over him when he was

9   more experienced in the position in the course of his four and a half years working.

10   73.   The discrimination, harassment, abuse, and hostility interfered with Mr. Ayokunle's ability to do

11   his job which required interacting with other employees and customers.

12   74.   Mr. Ayokunle received psychological therapy for stress and trauma resulting from the environment

13   forced upon him by the company.

14   75.   Mr. Ayokunle had to resign from the job to protect himself from the on the job harassment and

15   hostile environment.

**FIRST CLAIM FOR RELIEF**

**FOR RACE DISCRIMINATION**

(against all defendants)

(Gov. Code Section 12940(a); 42 U.S.C section 2000e-2(a))

20   76.   Plaintiff incorporates by reference paragraphs 1 through 75 above as through fully set forth herein.

21   77.   By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants discriminated

22   against Plaintiff based on his race and national origin in violation of Government Code section 12940(a)

23   and 42 U.S.C. section 2000e-2(a).

**SECOND CLAIM**

**FOR RELIEF FOR RETALIATION**

(against all defendants)

(Gov. Code section 12940(h); 42 U.S.C. section 2000e-3(a))

28   78.   Plaintiff incorporates by reference paragraphs 1 through 77 above as through fully set forth herein.

79.    By virtue of the foregoing, defendant Alcatraz Cruises, LLC and all defendants retaliated against Plaintiff for reporting race discrimination and a hostile work environment in violation of Government Code section 12940(h) and 42 U.S.C. section 2000e-3(a).

**THIRD CLAIM**

**FOR RELIEF HARRASSMENT**

**BECAUSE OF RACE AND NATIONAL ORIGIN**

(against all defendants)

(Gov. Code section 12940(j); 42 U.S.C section 2000e-2(a)

80.    Plaintiff incorporates by reference paragraphs 1 through 79 above as through fully set forth herein.

81.    By virtue of the foregoing, defendants  and all defendants harassed and discriminated against Plaintiff based on his race and national origin for Scott Thornton; Douglas Linares; Anne Levine; Astrid Johannessen subjected plaintiff to harassment based on his race and national origin, causing a hostile work environment in violation of Government Code section 12940(j) and 42 U.S.C. section 2000e-2(a).

82.    By virtue of the foregoing, defendant Alcatraz Cruises. LLC and it supervisors and agents knew of the hostile work environment and failed to take immediate and appropriate corrective action in violation of Government Code section 12940(j) and 42 U.S.C. section 2000e-2(a).

**FORTH CLAIM**

**FOR RELIEF FOR FILURE TO PREVENT**

**RACE AND NATIONAL ORIGIN DISCRIMINATION**

(against all defendants)

(Gov. Code section 12940(k)

83.    Plaintiff incorporates by reference paragraphs 1 through 82 above as through fully set forth herein.

84.    By virtue of the foregoing, defendant Alcatraz Cruises, LLC failed to prevent discrimination against Plaintiff based on his race and national origin in violation of Government Code section 12940(k).

//

//

//

1

**FIFTH CLAIM**

2

**FOR RELIEF FOR FILURE TO PREVENT**

3

**RACE AND NATIONAL ORIGIN HARASSMENT**

4

(against all defendants)

5

(Gov. Code section 12940(k)

6   85.    Plaintiff incorporates by reference paragraphs 1 through 84 above as through fully set forth herein.

7   86.    By virtue of the foregoing, defendant Alcatraz Cruises, LLC failed to prevent harassment of

8   Plaintiff based on his race and national origin in violation of Government Code section 12940(k).

9

**SIXTH CLAIM**

10

**FOR RELIEF FOR FILURE TO PREVENT**

11

**RETALIATION**

12

(against all defendants)

13

(Gov. Code section 12940(k)

14   87.    Plaintiff incorporates by reference paragraphs 1 through 86 above as through fully set forth herein.

15   88.    By virtue of the foregoing, defendant Alcatraz Cruises, LLC failed to prevent retaliation against

16   Plaintiff based on his race and national origin in violation of Government Code section 12940(K)

17

**DAMAGES**

18        The conduct of the above-named Defendants, as set forth herein, in violating Mr. Jiboku

19   Ayokunle's rights under California Law and Title VII of the Civil Rights Act of 1964, as amended, 42

20   U.S.C. Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration

21   Act of 1991, 42 U.S.C. Section 1981; caused injuries, damages and harm to Mr. Jiboku Ayokunle,

22   including, but not limited to, past and future economic loss, past and future non-economic losses, including

23   extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience,

24   mental anguish, impairment in the quality of life; and consequential losses.

25        WHEREFORE, Plaintiff Jiboku Ayokunle requests judgment and damages against Defendants,

26   jointly, severally and/or individually, as follows:

27   A. A declaratory judgment that Defendants have violated Mr. Jiboku Ayokunle's right to be free from

28        discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended,

Ayokunle Complaint 1st Amended

1  42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights

2  Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A;

3  B.  An injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and front pay.

4  C.  An award to Mr. Jiboku Ayokunle for compensatory damages in an amount to be shown at trial for

5  past and future economic and non-economic losses, including extreme emotional distress and mental

6  anguish, impairment of the quality of life; and consequential loses;

7  D.  An award to Mr. Jiboku Ayokunle for exemplary and/or punitive damages in an amount to be shown at

8  trial;

9  E.  An award of reasonable attorneys' fees and costs, including but not limited to expert witness fees, as

10  provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42

11  U.S.C. Section 1981A, 42 U.S.C Section 1988 and as provided under state law;

12  F.  An award to Mr. Jiboku Ayokunle of interest on any awards at the highest rate allowed by law; and

13  G.  Such other and further relief as this Court deems just and appropriate.

14  PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW

15  Respectfully Submitted,

16  Dated: April 3, 2015

17  Law Office of Walter Riley

18

19

20

21

22

23

24

25

26

27

28

Ayokunle Complaint 1st Amended

16

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Walter Riley, Esq.                               95919
Law Office of Walter Riley
1140 Broadway, Suite 612A
Oakland, CA 94612
TELEPHONE NO.: 510-451-1422   FAX NO. *(Optional):* 510-451-0406
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  Plaintiff, Jiboku Ayokunle

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER:  Jiboku Ayokunle

DEFENDANT/RESPONDENT:  Alcatraz Cruises, LLC et al.

**PROOF OF SERVICE OF SUMMONS**

*FOR COURT USE ONLY*

ELECTRONICALLY
**FILED**
**Superior Court of California,**
**County of San Francisco**

**06/02/2015**
**Clerk of the Court**
BY:VANESSA WU
**Deputy Clerk**

CASE NUMBER:
CGC-15-544845

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☒ summons (First amended)
    b. ☒ complaint (First amended)
    c. ☒ Alternative Dispute Resolution (ADR) package
    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☒ other *(specify documents):* Notice to Plaintiff, Bar Association Mediation
        Handout

3.  a.  Party served *(specify name of party as shown on documents served):*
        Alcatraz Cruises, LLC

    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Terry A. Macrae, Registered Agent for Service of Process

4.  Address where the party was served:
    Pier 3, The Embarcadero
    San Francisco, CA, 94111

5.  I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date)* :                         (2) at *(time)* :
    b. ☒ **by substituted service.** On *(date):* 6/1/2015   at *(time):* 1:27 pm   I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*
        Doug Watson, Acting office manager, authorized to accept

        (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
        (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date)* : 6/1/2015   from *(city):* San Francisco   or ☐ a declaration of mailing is attached.
        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Riley

| PLAINTIFF/PETITIONER: Jiboku , kunle | NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | CGC-15-544845 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
  (1) on *(date)* :                                   (2) from *(city)* :
  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*
  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)* :
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Alcatraz Cruises, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: CORP CODE 17061 |

7. Person who served papers
  a. Name: Evan A. Ware - NORCAL COURIER & LEGAL SERVICES
  b. Address: 268 Bush Street #4042, San Francisco, CA 94104
  c. Telephone number: 415-850-9308
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☒ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.: 1251
      (iii) County: San Francisco

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 2, 2015

Evan A. Ware
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Walter Riley, Esq.                          95919
Law Office of Walter Riley
1440 Broadway, Suite 612A
Oakland, CA 94612
TELEPHONE NO.: 510-451-1422     FAX NO. *(Optional):* 510-451-0406
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Jiboku Ayokunle

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: Jiboku Ayokunle

DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al.

**PROOF OF SERVICE OF SUMMONS**

*FOR COURT USE ONLY*

**ELECTRONICALLY
FILED**
Superior Court of California,
County of San Francisco
**06/08/2015**
Clerk of the Court
BY:KIMBERLY CLAUSSEN
Deputy Clerk

CASE NUMBER:
CGC-15-544845

Ref. No. or File No.:

---

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons (First amended)
   b. ☒ complaint (First amended)
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice to Plaintiff, Bar Association Mediation Handout

3. a. Party served *(specify name of party as shown on documents served):*
   Astrid Johannessen

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Pier 3, The Embarcadero
   San Francisco, CA, 94111

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)* :                    (2) at *(time)* :
   b. ☒ **by substituted service.** On *(date)*: 6/5/2015    at *(time)*: 4:28 pm    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   Doug Watson, Acting office manager, authorized to accept

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 6/5/2015   from *(city)*: San Francisco   or ☐ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Riley

| PLAINTIFF/PETITIONER: Jiboku Ayokunle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | CGC-15-544845 |

5.   c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)   on *(date)* :                                              (2)     from *(city)* :

(3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section)*:

☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒   as an individual defendant.

b. ☐   as the person sued under the fictitious name of *(specify)* :

c. ☐   as occupant.

d. ☒   On behalf of *(specify)* : Astrid Johannessen

under the following Code of Civil Procedure section:

☐   416.10 (corporation)                                    ☐   415.95 (business organization, form unknown)
☐   416.20 (defunct corporation)                      ☐   416.60 (minor)
☐   416.30 (joint stock company/association)    ☐   416.70 (ward or conservatee)
☐   416.40 (association or partnership)              ☐   416.90 (authorized person)
☐   416.50 (public entity)                                    ☐   415.46 (occupant)
                                                                              ☒   other: CCP 415.20b (sub-service on an individual)

7.   **Person who served papers**

a.   Name: Evan A. Ware - NORCAL COURIER & LEGAL SERVICES

b.   Address: 268 Bush Street #4042, San Francisco, CA 94104

c.   Telephone number: 415-850-9308

d.   The fee for service was: $

e.   I am:

(1) ☐   not a registered California process server.

(2) ☐   exempt from registration under Business and Professions Code section 22350(b).

(3) ☒   registered California process server:

(i) ☒   owner   ☐   employee   ☐   independent contractor.

(ii)   Registration No.:   1251

(iii)   County:   San Francisco

8. ☒   **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

or

9. ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 5, 2015

Evan A. Ware
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                                          ▶                                   (SIGNATURE)

Martin Dean's
ESSENTIAL FORMS™

Riley

## DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:
268 Bush Street #4042
San Francisco, CA 94104
I received the within process on: 6/1/2015
and that after due and diligent effort, I have been unable to effect personal service on:
Astrid Johannessen
in the matter of: Jiboku Ayokunle v. Alcatraz Cruises, LLC et al.
with copies of: First amended Summons, First amended Complaint, Notice of Case
        Management Conference, ADR Package & Bar Association Mediation
        Handout
[X] Residence Address: unknown

Dates and Times Attempted                                  Reason for Non-Service




[X] Business Address: Pier 3, The Embarcadero
                San Francisco, CA, 94111
Dates and Times Attempted            Reason for Non-Service
6/1/2015 @ 1:27 p.m.        not in, confirmed that subject works here
6/2/2015 @ 8:05 a.m.        not open
6/4/2015 @ 6:30 p.m.        not open  no
6/5/2015 @ 4:28 p.m.        not in, sub-served on acting manager of work

I declare under penalty of perjury that the foregoing is true and correct. Fee:        [Recoverable per CCP § 1033.5(a)(4)(B)]
Executed on June 5, 2015                    at San Francisco

    Evan A. Ware
    San Francisco Process Server #1251         ▶ _____
                                                            (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:


On _____, after substituted service
under CCP Section 415.20(a) or Section 415.20(b) was made, I served the within:



on the within named:

in the matter of:
by placing a true copy thereof in a sealed envelope with the postage fully prepaid for first class in the United States mail, and addressed
as follows:



I declare under penalty of perjury that the foregoing is true and correct.
Executed on _____        at _____

                                            ▶ _____
                                                            (SIGNATURE)


Martin Dean's
ESSENTIAL FORMS™

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Walter Riley, Esq.                    95919<br>Law Office of Walter Riley<br>1440 Broadway, Suite 612A<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-451-1422   FAX NO. *(Optional):* 510-451-0406<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Jiboku Ayokunle | **ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/08/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil

| PLAINTIFF/PETITIONER:  Jiboku Ayokunle | |
|---|---|
| DEFENDANT/RESPONDENT:  Alcatraz Cruises, LLC et al. | |

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>CGC-15-544845 |
|---|---|
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons (First amended)
   b. ☒ complaint (First amended)
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice to Plaintiff, Bar Association Mediation
      Handout

3. a. Party served *(specify name of party as shown on documents served):*
      Anne Levine

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Pier 3, The Embarcadero
   San Francisco, CA, 94111

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):*                        (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 6/5/2015  at *(time):* 4:28 pm  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*
      Doug Watson, Acting office manager, authorized to accept

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
          of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
          place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
          address of the person to be served, other than a United States Postal Service post office box. I informed
          him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
          at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
          *(date):* 6/5/2015  from *(city):* San Francisco  or ☐ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | *Martin Dean's*<br>**ESSENTIAL FORMS™** | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

Riley

| PLAINTIFF/PETITIONER: Jiboku Ayokunle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | CGC-15-544845 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,
   (1)  on *(date)* :                                   (2)  from *(city)* :
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
       to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)* :
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)* : Anne Levine
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: CCP 415.20b (sub-service on an individual) |

7. **Person who served papers**
   a. Name: Evan A. Ware – NORCAL COURIER & LEGAL SERVICES
   b. Address: 268 Bush Street #4042, San Francisco, CA 94104
   c. Telephone number: 415-850-9308
   d. **The fee for service was:** $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
          (i) ☒ owner  ☐ employee  ☐ independent contractor.
          (ii) Registration No.: 1251
          (iii) County: San Francisco

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 5, 2015

Evan A. Ware
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                          ▶                          (SIGNATURE)

Riley

## DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:
268 Bush Street #4042
San Francisco, CA 94104
I received the within process on: 6/1/2015
and that after due and diligent effort, I have been unable to effect personal service on:
Anne Levine
in the matter of: Jiboku Ayokunle v. Alcatraz Cruises, LLC et al.
with copies of: First amended Summons, First amended Complaint, Notice of Case
          Management Conference, ADR Package & Bar Association Mediation
          Handout

[X] Residence Address: unknown

Dates and Times Attempted                    Reason for Non-Service




[X] Business Address: Pier 3, The Embarcadero
          San Francisco, CA, 94111

| Dates and Times Attempted | Reason for Non-Service |
|---|---|
| 6/1/2015 @ 1:27 p.m. | not in, confirmed that subject works here |
| 6/2/2015 @ 8:05 a.m. | not open |
| 6/4/2015 @ 6:30 p.m. | not open no |
| 6/5/2015 @ 4:28 p.m. | not in, sub-served on acting manager of work |

I declare under penalty of perjury that the foregoing is true and correct. Fee:          [Recoverable per CCP § 1033.5(a)(4)(B)]
Executed on June 5, 2015                    at San Francisco

Evan A. Ware
San Francisco Process Server #1251          ▶                    (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:


On                                         , after substituted service
under CCP Section 415.20(a) or Section 415.20(b) was made, I served the within:


on the within named:

in the matter of:
by placing a true copy thereof in a sealed envelope with the postage fully prepaid for first class in the United States mail, and addressed
as follows:



I declare under penalty of perjury that the foregoing is true and correct.
Executed on                              at


▶                                         (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Walter Riley, Esq.                                    95919<br>Law Office of Walter Riley<br>1440 Broadway, Suite 612A<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-451-1422   FAX NO. (Optional): 510-451-0406<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Jiboku Ayokunle | **ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**06/08/2015**<br>Clerk of the Court<br>BY:KIMBERLY CLAUSSEN<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil

| PLAINTIFF/PETITIONER: Jiboku Ayokunle | |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | |
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>CGC-15-544845<br><br>Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons (First amended)
   b. ☒ complaint (First amended)
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice to Plaintiff, Bar Association Mediation Handout
3. a. Party served *(specify name of party as shown on documents served):*
      Douglas Linares

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Pier 3, The Embarcadero
   San Francisco, CA, 94111
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                        (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 6/5/2015   at *(time):* 4:28 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Doug Watson, Acting office manager, authorized to accept

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/5/2015   from *(city):* San Francisco   or ☐ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | Martin Dean's<br>**ESSENTIAL FORMS™** | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

Riley

| PLAINTIFF/PETITIONER: Jiboku Ayokunle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | CGC-15-544845 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date)* :        (2)    from *(city)* :
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)* :
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)* : Douglas Linares
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                     ☒ other: CCP 415.20b (sub-service on an individual)

7.  **Person who served papers**
  a. Name: Evan A. Ware - NORCAL COURIER & LEGAL SERVICES
  b. Address: 268 Bush Street #4042, San Francisco, CA 94104
  c. Telephone number: 415-850-9308
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☒ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.: 1251
      (iii) County: San Francisco

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 5, 2015

Evan A. Ware
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          ▶               (SIGNATURE)

Riley

## DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:
268 Bush Street #4042
San Francisco, CA 94104
I received the within process on: 6/1/2015
and that after due and diligent effort, I have been unable to effect personal service on:
Douglas Linares
in the matter of: Jiboku Ayokunle v. Alcatraz Cruises, LLC et al.
with copies of: First amended Summons, First amended Complaint, Notice of Case
        Management Conference, ADR Package & Bar Association Mediation
        Handout

[X] Residence Address: unknown

| Dates and Times Attempted | Reason for Non-Service |
| --- | --- |
| | |

[X] Business Address: Pier 3, The Embarcadero
        San Francisco, CA, 94111

| Dates and Times Attempted | Reason for Non-Service |
| --- | --- |
| 6/1/2015 @ 1:27 p.m. | not in, confirmed that subject works here |
| 6/2/2015 @ 8:05 a.m. | not open |
| 6/4/2015 @ 6:30 p.m. | not open  no |
| 6/5/2015 @ 4:28 p.m. | not in, sub-served on acting manager of work |

I declare under penalty of perjury that the foregoing is true and correct.  Fee:            [Recoverable per CCP § 1033.5(a)(4)(B)]
Executed on June 5, 2015                              at San Francisco

Evan A. Ware
San Francisco Process Server #1251                    _____
                                                            (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:


On                                              , after substituted service
under CCP Section 415.20(a) or Section 415.20(b) was made, I served the within:


on the within named:

in the matter of:
by placing a true copy thereof in a sealed envelope with the postage fully prepaid for first class in the United States mail, and addressed
as follows:


I declare under penalty of perjury that the foregoing is true and correct.
Executed on                              at


                                                    _____
                                                         (SIGNATURE)

Martin Dean's
ESSENTIAL FORMS™

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Walter Riley, Esq.                           95919<br>Law Office of Walter Riley<br>1440 Broadway, Suite 612A<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-451-1422     FAX NO. (Optional): 510-451-0406<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Jiboku Ayokunle | **ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/08/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Civil

| PLAINTIFF/PETITIONER:   Jiboku Ayokunle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Alcatraz Cruises, LLC et al. | CGC-15-544845 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons (First amended)
   b. ☒ complaint (First amended)
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice to Plaintiff, Bar Association Mediation Handout
3. a. Party served *(specify name of party as shown on documents served):*
      Scott Thornton

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*


4. Address where the party was served:
   Pier 3, The Embarcadero
   San Francisco, CA, 94111
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                  (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 6/5/2015   at *(time):* 4:28 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Doug Watson, Acting office manager, authorized to accept

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/5/2015   from *(city):* San Francisco   or ☐ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Riley

| PLAINTIFF/PETITIONER: Jiboku Ayokunle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alcatraz Cruises, LLC et al. | CGC-15-544845 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1)  on *(date)* :        (2)    from *(city)* :
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)*
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)* :
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)* : Scott Thornton
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: CCP 415.20b (sub-service on an individual) |

7. **Person who served papers**
  a. Name: Evan A. Ware - NORCAL COURIER & LEGAL SERVICES
  b. Address: 268 Bush Street #4042, San Francisco, CA 94104
  c. Telephone number: 415-850-9308
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☒ owner  ☐ employee  ☐ independent contractor.
      (ii)  Registration No.: 1251
      (iii)  County: San Francisco

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    **or**
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 5, 2015

Evan A. Ware
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (SIGNATURE)

Riley

## DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:
268 Bush Street #4042
San Francisco, CA 94104
I received the within process on: 6/1/2015
and that after due and diligent effort, I have been unable to effect personal service on:
Scott Thornton
in the matter of: Jiboku Ayokunle v. Alcatraz Cruises, LLC et al.
with copies of: First amended Summons, First amended Complaint, Notice of Case
          Management Conference, ADR Package & Bar Association Mediation
          Handout
[X] Residence Address: unknown

| Dates and Times Attempted | Reason for Non-Service |
|---|---|
| | |

[X] Business Address: Pier 3, The Embarcadero
                      San Francisco, CA, 94111

| Dates and Times Attempted | Reason for Non-Service |
|---|---|
| 6/1/2015 @ 1:27 p.m. | not in, confirmed that subject works here |
| 6/2/2015 @ 8:05 a.m. | not open |
| 6/4/2015 @ 6:30 p.m. | not open no |
| 6/5/2015 @ 4:28 p.m. | not in, sub-served on acting manager of work |

I declare under penalty of perjury that the foregoing is true and correct. Fee:        [Recoverable per CCP § 1033.5(a)(4)(B)]
Executed on June 5, 2015                         at San Francisco

Evan A. Ware
San Francisco Process Server #1251          ▶_____
                                                      (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.  My business address is:


On                                              , after substituted service
under CCP Section 415.20(a) or Section 415.20(b) was made, I served the within:


on the within named:

in the matter of:
by placing a true copy thereof in a sealed envelope with the postage fully prepaid for first class In the United States mail, and addressed
as follows:



I declare under penalty of perjury that the foregoing is true and correct.
Executed on                              at


▶_____
                                                      (SIGNATURE)

Martin Dean's
ESSENTIAL FORMS™