1 | CHARLES S. BIRENBAUM (SBN 107894)
2 | KORAY J. BULUT (SBN 230298)
  | GREENBERG TAURIG, LLP
3 | Four Embarcadero, Suite 3000
  | San Francisco, CA  94112
  | Telephone:  (415) 655-1300
4 | Facsimile:  (415) 707-2010
  | birenbaumc@gtlaw.com
5 | bulutk@gtlaw.com

6

7 | Attorneys for Defendants
  | ALCATRAZ CRUISES LLC, SCOTT THORNTON,
  | DOUGLAS LINARES, ANN LEVINE, and ASTRID
8 | JOHANNESSEN

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13

14 | JIBOKU AYOKUNLE,                              CASE NO.  3:15-cv-02952

15 |         Plaintiff,                           **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

16 | v.

17 | ALCATRAZ CRUISES, LLC; SCOTT                  First Amended
   | THORNTON; DOUGLAS LINARES, ANN                Complaint filed:   April 3, 2015
18 | LEVINE; ASTRID JOHANNESSEN; Does 1            Action removed:    June 25, 2015
   | THROUGH 20,                                   Trial Date:        None set
19
   |         Defendants.
20

21

...

1
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

SFO 596255338v1

Defendants Alcatraz Cruises LLC, Scott Thornton, Douglas Linares, Ann Levine, and Astrid Johannsen ("Defendants"), by and through their undersigned counsel, Greenberg Traurig, LLP, and in answer to Plaintiff Jiboku Ayokunle's First Amended Complaint, responds as follows:

**STATEMENT OF CLAIM**

1. Paragraph 1 of the First Amended Complaint ("FAC") contains Plaintiff's characterization of his claims and not allegations of fact for which a response is required. To the extent response is required, Defendants deny these allegations.

2. Paragraph 2 of the FAC contains Plaintiff's characterization of his claims and not allegations of fact for which a response is required. To the extent response is required, Defendants deny these allegations, but admit that Plaintiff was employed by Alcatraz Cruises as a Guest Services Agent/Security from March 2009 to October 24, 2013 in San Francisco.

**VENUE**

3. Defendants admit that the alleged incidents giving rise to the allegations in FAC occurred in the City and County of San Francisco, CA.

4. Paragraph 4 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

5. Paragraph 5 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations except that it admits Alcatraz Cruises regularly conducts business in the County of San Francisco.

**PARTIES**

6. Defendants admit that Plaintiff worked in Alcatraz's San Francisco location, but otherwise lack sufficient information to respond to the allegations contained in Paragraph 6 and, accordingly, deny those allegations.

7. Defendants admit the allegations in Paragraph 7 of the FAC.

8. Defendants admit the allegations in Paragraph 8 of the FAC.

9. Defendants admit the allegations in Paragraph 9 of the FAC.

10. Defendants admit the allegations in Paragraph 10 of the FAC.

11. Defendants admit the allegations in Paragraph 11 of the FAC.

12. Paragraph 12 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

## ADMINISTRATIVE PREREQUISITES

13. Paragraph 13 of the FAC, contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

   a. Defendants admit that on or about April 24, 2014, Plaintiff timely filed a formal charge of discrimination with the State of California Department of Fair Employment & Housing, which was jointly filed with the Equal Employment Opportunity Commission.

   b. Paragraph 13, subpart (b) of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

   c. Defendant lacks sufficient information to respond to the allegations contained in Paragraph 13 subpart (c) of the FAC and, accordingly, denies those allegations.

## FACTUAL ALLEGATIONS

14. Defendants admit that Plaintiff commenced employment with Alcatraz Cruises on or about March 27, 2009.

15. Defendant lacks sufficient information to respond to the allegations contained in Paragraph 15 and, accordingly, denies those allegations, but admit that as of today, Alcatraz Cruises employs over 500 people.

16. Defendants admit that the terms and conditions of Plaintiff's employment were controlled by Alcatraz Cruises between March 2009 and October 2013.

17. Paragraph 17 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants admit that Defendants Scott Thornton, Douglas Linares, Ann Levine, and Astrid Johannessen were employees of Alcatraz Cruises between March 2009 and October 2013.

18. Defendants deny the allegations in Paragraph 18 of the FAC.

19. Defendants deny the allegations in Paragraph 19 of the FAC.

20. Defendants admit that Defendant Thornton and Defendant Johannessen were employed by Alcatraz Cruises as managers/supervisors for the time period alleged in the FAC.

21. Defendants admit that Defendant Linares was employed by Alcatraz Cruises as supervisor for the time period alleged in the FAC.

22. Defendants admit that Defendant Levine was employed by Alcatraz Cruises as Human Resources Director for the time period alleged in the FAC.

23. Defendants deny that Plaintiff was the only black person in his job position, and otherwise lack sufficient information to respond to the allegations contained in Paragraph 23 and, accordingly, deny those allegations.

24. Defendants lack sufficient information to respond to the allegations contained in Paragraph 24 and, accordingly, deny those allegations.

25. Defendants deny the allegations in Paragraph 25 of the FAC.

26. Defendants deny the allegations in Paragraph 26 of the FAC.

27. Defendants deny the allegations in Paragraph 27 of the FAC.

28. Defendants deny the allegations in Paragraph 28 of the FAC.

29. Defendant denies the allegations in Paragraph 29 of the FAC.

30. Defendants deny the allegations in Paragraph 30 of the FAC.

31. Defendants deny the allegations in Paragraph 31 of the FAC.

32. Defendants lack sufficient information to respond to the allegation that heavy rains in October 2010 caused city barricades to float out into the street in Paragraph 32 of the FAC, and accordingly, deny those allegations. Defendants deny the remaining allegations in Paragraph 32 of the FAC.

33. Defendants lack sufficient information to respond to the allegations regarding Plaintiff's proficiency with language and his whereabouts in January 2011 and accordingly, deny those allegations. Defendants deny the remaining allegations in Paragraph 33 of the FAC.

34. Defendants deny the allegations in Paragraph 34 of the FAC.

35. Defendant denies the allegations in Paragraph 35 of the FAC.

36. Defendants deny the allegations in Paragraph 36 of the FAC.

4
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
SFO 596255338v1

37. Defendants deny the allegations in Paragraph 37 of the FAC.
38. Defendants deny the allegations in Paragraph 38 of the FAC.
39. Defendants deny the allegations in Paragraph 39 of the FAC.
40. Defendants deny the allegations in Paragraph 40 of the FAC.
41. Defendants deny the allegations in Paragraph 41 of the FAC.
42. Defendants deny the allegations in Paragraph 42 of the FAC.
43. Defendants deny the allegations in Paragraph 43 of the FAC.
44. Defendants deny the allegations in Paragraph 44 of the FAC.
45. Defendants deny the allegations in Paragraph 45 of the FAC.
46. Defendants deny the allegations in Paragraph 46 of the FAC.
47. Defendants deny the allegations in Paragraph 47 of the FAC.
48. Defendants deny the allegations in Paragraph 48 of the FAC.
49. Defendants deny the allegations in Paragraph 49 of the FAC.
50. Defendants deny the allegations in Paragraph 50 of the FAC.
51. Defendants deny the allegations in Paragraph 51 of the FAC.
52. Defendants deny the allegations in Paragraph 52 of the FAC.
53. Defendants deny the allegations in Paragraph 53 of the FAC.
54. Defendants deny the allegations in Paragraph 54 of the FAC.
55. Defendants deny the allegations in Paragraph 55 of the FAC.
56. Defendants deny the allegations in Paragraph 56 of the FAC.
57. Defendants deny the allegations in Paragraph 57 of the FAC.
58. Defendants deny the allegations in Paragraph 58 of the FAC.
59. Defendants deny the allegations in Paragraph 59 of the FAC.
60. Defendants deny the allegations in Paragraph 60 of the FAC.
61. Defendants deny the allegations in Paragraph 61 of the FAC.
62. Defendants deny the allegations in Paragraph 62 of the FAC.
63. Defendants deny the allegations in Paragraph 63 of the FAC.
64. Defendants deny the allegations in Paragraph 64 of the FAC.

65. Defendants deny the allegations in Paragraph 65 of the FAC.

66. Defendants deny the allegations in Paragraph 66 of the FAC.

67. Defendants deny the allegations in Paragraph 67 of the FAC.

68. Defendants deny the allegations in Paragraph 68 of the FAC.

69. Defendants deny the allegations in Paragraph 69 of the FAC.

70. Defendants deny the allegations in Paragraph 70 of the FAC.

71. Defendants deny the allegations in Paragraph 71 of the FAC.

72. Defendants deny the allegations in Paragraph 72 of the FAC.

73. Paragraph 73 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

74. Defendants lack sufficient information to respond to the allegations contained in Paragraph 74 and, accordingly, deny those allegations.

75. Paragraph 75 of the FAC contains legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

## FIRST CLAIM FOR RELIEF

## FOR RACE DISCRIMINATION

(against all defendants)

(Gov. Code section 19240(a); 42 U.S.C. section 2000e-2(a))

76. Defendants restate their previous responses to the paragraphs referred to in Paragraph 76 of the FAC.

77. Paragraph 77 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

## SECOND CLAIM

## FOR RELIEF FOR RETALIATION

(against all defendants)

(Gov. Code section 12940(h); 42 U.S.C. section 2000e-3(a))

78. Defendants restate their previous responses to the paragraphs referred to in Paragraph 78 of the FAC.

79. Paragraph 79 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

### THIRD CLAIM

### FOR RELIEF HARRASSMENT

### BECAUSE OF RACE AND NATIONAL ORIGIN

(against all defendnats)

(Gov. Code section 12940(i); 42 U.S.C. section 2000e-2(a)

80. Defendants restate their previous responses to the paragraphs referred to in Paragraph 80 of the FAC.

81. Paragraph 81 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

82. Paragraph 82 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

### FOURTH CLAIM

### FOR RELIEF FOR FAILURE TO PREVENT

### RACE AND NATIOANL ORIGIN DISCRIMINATION

(against all defendants)

(Gov. Code section 12940(k)

83. Defendants restate their previous responses to the paragraphs referred to in Paragraph 83 of the FAC.

84. Paragraph 84 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

### FIFTH CLAIM

### FOR RELIEF FOR FAILURE TO PREVENT

### RACE AND NATIONAL ORIGIN DISCRIMINATION

(against all defendants)

(Gov. Code section 1940(k)

85. Defendants restate their previous responses to the paragraphs referred to in Paragraph 85 of the FAC.

86. Paragraph 86 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

## SIXTH CLAIM

## FOR RELIEF FOR FAILURE TO PREVENT

## RETALIATION

(against all defendants)

(Gov. Code section 12940(k))

87. Defendants restate their previous responses to the paragraphs referred to in Paragraph 87 of the FAC.

88. Paragraph 88 of the FAC contains solely legal conclusions, as opposed to well-pled facts, to which no response is required. To the extent response is required, Defendants deny these allegations.

## DAMAGES

Defendants deny the allegations contained in the "Damages" Paragraphs and each subparagraph therein, and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing answer, Defendants assert the following separate affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Plaintiff's FAC, and the purported claims and causes of action contained therein, fails to state a claim upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

Assuming that any part of this action properly arises under the California Fair Employment and Housing Act (the "FEHA"), the action cannot be maintained to the extent that it relies on alleged claims of discrimination, harassment or retaliation which were not made the subject of a timely charge

filed with the California Department of Fair Employment and Housing, or to the extent Plaintiff has otherwise failed to fulfill the statutory prerequisites to suit set forth in the FEHA.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The maintenance of this action is barred to the extent that Plaintiff seeks relief for any purported claims which did not accrue within the applicable limitations periods.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to recover for his damages, if any, to the extent that he has failed to mitigate or reasonably attempt to mitigate his damage, if any, as required by law.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has been guilty of laches and unreasonable delay in bringing this action and in otherwise pursuing the claims alleged, in that he knew or should have known that delay in pressing this matter would deprive Defendant of an opportunity to take such actions as Plaintiff now claims are required, if such actions are required at all; and further, Plaintiff knew or should have known that his delay would make it more difficult for Defendant to defend this litigation as witnesses become unavailable and memories of the available witnesses dim.

### SIXTH AFFIRMATIVE DEFENSE

### (Justification)

Defendants' actions toward Plaintiff were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken in good faith and without malice.

### SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Use Ordinary Care and Diligence)

Each cause of action stated in the Complaint is barred by virtue of Labor Code sections 2854 and 2856 in that plaintiff failed to use ordinary care and diligence in the performance if his duties and failed to comply substantially with the reasonable directions of his employer.

### EIGHTH AFFIRMATIVE DEFENSE

**(Comparative Fault of Plaintiff)**

If any loss, injury, damage or detriment occurred as alleged in Plaintiff's Complaint, the loss, injury, damage or detriment was caused and contributed to by Plaintiff; Plaintiff did not exercise ordinary care on his own behalf, Plaintiff's own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment he alleges; and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### NINTH AFFIRMATIVE DEFENSE

**(Worker's Compensation Insurance)**

The Court lacks jurisdiction of the subject matter of the causes of action alleged in Plaintiff's Complaint to the extent that Plaintiff claims damages for emotional and mental or physical distress sustained in the course of employment, in that claims for such damages are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board.  Cal. Lab. Code section 3601.

### TENTH AFFIRMATIVE DEFENSE

**(No Entitlement to Punitive Damages)**

Each of Plaintiff's claims fails to state facts sufficient to constitute a cause of action against Defendants that would support an award of punitive damages, and therefore would be precluded under the applicable provisions of law, including, California Civil Code section 3294.

### ELEVENTH AFFIRMATIVE DEFENSE

**(At-Will Employment)**

Any alleged acts that Defendants took were privileged because Plaintiff's employment was terminable at-will under California Labor Code section 2922.

### TWELFTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

The Complaint, and each and every purported cause of action and request for damages contained therein, is barred by the doctrine of after-acquired evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

Defendants currently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendants' actions toward Plaintiff were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken in good faith and without malice.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Bona Fide Non-Discriminatory Business Reasons)

Plaintiff's claims are barred because Defendant's actions taken with respect to Plaintiff were justified by legitimate, bona fide, non-discriminatory business reasons unrelated to Plaintiff's age or any other unlawful basis.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement To Attorneys' Fees)

Plaintiff has not stated a valid claim for attorney's fees, and even if she could, such claim is barred, by among other laws, the federal and California constitutions, including but not limited to provisions requiring due process and prohibiting excessive fines.

/ / /

/ / /

/ / /

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;
2. That judgment be entered in favor of Interactive TKO and against Plaintiff and that Plaintiff's action against Interactive TKO be dismissed in its entirety;
3. For costs incurred herein;
4. For reasonable attorneys' fees incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

DATED: July 2, 2015                GREENBERG TRAURIG, LLP


                                   By /s/ Koray J. Bulut
                                   Koray J. Bulut

                                   Attorneys for Defendants
                                   ALCATRAZ CRUISES LLC, SCOTT THORNTON,
                                   DOUGLAS LINARES, ANN LEVINE, and ASTRID
                                   JOHANNESSEN